IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| ROMAN MAGAC,<br><br>        Plaintiff,<br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; U.S. BANK N.A.; and DOES 1-10,<br><br>        Defendants. | Case No.: 3:25-cv-00432-AN<br><br><br>OPINION AND ORDER |

Self-represented plaintiff Roman Magac filed a complaint in state court against defendants Select Portfolio Servicing, Inc. ("SPS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), U.S. Bank N.A., Bank of America N.A., and unknown Does 1-10 alleging violations of 12 C.F.R. § 1024 *et seq.* ("Regulation X"), the Truth in Lending Act, and the Oregon Trust Deed Act. Defendants move to dismiss the complaint for failure to state a claim. After reviewing the parties' filings, the Court finds this matter appropriate for decision without oral argument. *See* Local R. 7-1(d). For the reasons that follow, the motion to dismiss is GRANTED.

## LEGAL STANDARDS

### A.    Motion to Dismiss

A motion to dismiss for failure to state a claim should be granted when the allegations do not "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

1

When evaluating the sufficiency of a complaint, courts "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010); *see Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678.

**B.      Standards for Self-Represented Litigants**

A court must liberally construe the filings of a self-represented plaintiff and "afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). Accordingly, filings by such litigants are held to a less stringent standard than filings prepared by lawyers. *Id.* Further, "'[u]nless it is absolutely clear that no amendment can cure the defect, . . . a [self-represented] litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU Natl. Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (omission in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Nonetheless, a self-represented plaintiff "must still 'follow the same rules of procedure that govern other litigants.'" *In re Harris*, 596 F. App'x 581, 583 (9th Cir. 2015) (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

**BACKGROUND**

**A.      Factual Background**

This case arises out of a mortgage loan plaintiff received from M&T Mortgage Corporation in 2006. *See* Compl., ECF 1-1, ¶ 12. The mortgage was secured by a deed of trust. *Id.* Ex. 1. On April 20,

2009, M&T Mortgage Corporation sought to assign its interest in plaintiff's mortgage loan to Bank of America, N.A. *Id.* ¶ 13 & Ex. 2. On May 27, 2010, a Notice of Default was recorded in Multnomah County. *Id.* ¶ 14 && Ex. 3. On August 8, 2012, a Rescission of Notice of Default was recorded. *See* Defs. MTD, Ex. 3, ECF 2-3.[1]

On May 1, 2024, plaintiff submitted a loan modification application to defendant SPS. *Id.* ¶ 18. SPS responded to plaintiff's application on May 14, 2024, requesting additional information, which was provided. *Id.* ¶ 20. A nonprofit, acting on plaintiff's behalf, called SPS to follow up on plaintiff's application on May 22, 2024, and was informed that additional information was needed, which was provided. *Id.* ¶ 21. SPS did not provide a written acknowledgement of the loan modification application, did not assign a single point of contact, and did not discuss alternatives to foreclosure with plaintiff. *Id.* ¶ 22. On June 20, 2024, M&T Mortgage Corporation recorded a "Corrective Assignment of Deed of Trust" correcting the previously recorded Deed of Trust and assignment and clarify that defendant MERS was acting as M&T Mortgage Corporation's agent, not an independent beneficiary of the trust. *See* Defs. MTD Ex. 7, ECF 2-7.

**B.    Procedural Background**

Plaintiff filed a complaint in Multnomah County Circuit Court, which defendants removed to this Court on March 12, 2025. *See generally* Not. of Removal, ECF 1. Plaintiff's complaint asserts five claims:

Claim 1: "Violation of Title 12 C.F.R. § 1024.40(b)(1)(i), Failing to Provide Homeowner with Foreclosure Options/Alternatives, Enforceable through Title 12 U.S.C. § 2605(f)." Compl. 5 (emphasis omitted).

---

[1] Although courts are generally limited to the allegations in the complaint in ruling on a Rule 12(b)(6) motion, they may take judicial notice of documents referenced in the complaint and matters in the public record, including "in situations where the complaint necessarily relies upon a document . . ., the document's authenticity is not in question and there are no disputed issues as to the document's relevance.'" *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also* Fed. R. Evid. 201. Publicly recorded property documents, such as promissory notes, deeds of trust, and notices of default, "are clearly proper subjects of judicial notice." *Elizabeth Retail Props. LLC v. KeyBank Nat. Ass'n*, 83 F. Supp. 3d 972, 984 (D. Or. 2015).

Claim 2: "Violation of 12 CFR § 1024.40(a) & (b), Single Point of Contact, Enforceable through Title 12 U.S.C. § 2605(f)." *Id.* (emphasis omitted).

Claim 3: "Violation of 12 CFR 1024.41(c)(3)(i)(A-D), Loss Mitigation Procedures, No Written Acknowledgement of Receipt of Request for Modification Assistance, Actionable Pursuant to Title 12 U.S.C. § 2605(f)." *Id.* at 6. (emphasis omitted).

Claim 4: "Violation of Title 15 U.S.C. § 1641(g)." *Id.* at 8 (emphasis omitted).

Claim 5: "Cancellation of Written Instruments." *Id.*[2]

Defendants SPS, MERS, and U.S. Bank N.A. timely filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. *See generally* ECF 2 ("Defs. MTD"). Plaintiff responded in opposition, *see generally* ECF 23 ("Pl. Resp."), and defendants replied in support, *see generally* ECF 26 ("Defs. Reply").

## DISCUSSION

The Court considers each of plaintiff's claims in turn:

**A.      Claim 1 & Claim 2 under 12 C.F.R. § 1024.40**

The Real Estate Settlement Procedures Act ("RESPA") authorizes the Consumer Financial Protection Bureau ("CFPB") to issue regulations necessary to achieve RESPA's purposes. *See* 12 U.S.C. § 2605(j)(3); 12 U.S.C. § 2617(a). Pursuant to that authority, the CFPB promulgated Regulation X, codified at 12 C.F.R. § 1024 *et seq.* In Claim 1 and Claim 2, plaintiff alleges that defendants violated their obligations under 12 C.F.R. § 1024.40 to inform plaintiff of loss mitigation options and to provide a single point of contact. *See* Compl. ¶¶ 23-32.

---

[2] The complaint refers to both the claim for violation of 12 C.F.R. § 1024.41, the claim for violation of 15 U.S.C. § 1641(g) as the "Third Cause of Action," and the claim seeking cancellation of written instruments as the "Fourth Cause of Action." *See* Compl. 6, 8. For clarity, the Court refers to the first as "Claim 3," the second as "Claim 4," and the last as "Claim 5." The complaint's caption also references a claim for a "Violation of 12 C.F.R. § 1024.41(g), Loss Mitigation Procedures, Dual Tracking," but does not assert that claim in the body of the complaint and alleges no facts in support. Accordingly, to the extent that plaintiff asserts a claim under 12 C.F.R. § 1024.41(g), it is dismissed with leave to amend.

The Court concludes that Claim 1 and Claim 2 should be dismissed because there is no private right of action for a violation of Section 1024.40. In promulgating Section 1024.40, the CFPB stated:

> [T]he Bureau is adopting § 1024.40 as an objectives-based policies and procedures requirement. . . . [T]he Bureau believes that private liability is not compatible with objectives-based policies and procedures requirements. **The Bureau has therefore decided to finalize § 1024.40 such that there will be no private liability for violations of the provision.** Accordingly, the Bureau no longer relies on its authorities under [12 U.S.C. § 2605] of RESPA to issue § 1024.40. Instead, the Bureau is adopting § 1024.40 pursuant to its authority under [12 U.S.C. § 2617(a)] of RESPA.

Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act ("Regulation X Final Rule"), 78 Fed. Reg. 10696, 10809 (Feb. 14, 2013) (emphasis added); *see also id.* 10698 ("The [CFPB] and the prudential regulators will be able to supervise servicers within their jurisdiction to assure compliance with [Section 1024.40] requirements but there will not be a private right of action to enforce these provisions."). Courts across the country have drawn on the CFPB's considered decision to enact Section 1024.40 pursuant to 12 U.S.C. § 2617(a), which does not provide a private right of action, rather than Section 2605, which does provide such a right, to conclude that there is no private right of action under Section 1024.40. *See Muathe v. Wells Fargo Bank, N.A.*, 807 F. App'x 855, 859 (10th Cir. 2020) (affirming district court's conclusion that Section 1024.40 does not create a private right of action); *Schmidt v. PennyMac Loan Servs.*, *LLC*, 106 F. Supp. 3d 859, 867-70 (E.D. Mich. 2015) (holding that 12 C.F.R. § 1024.40 does not provide a private cause of action); *Bunnell v. Planet Home Lending, LLC*, No. 6:23-cv-01597-MK, 2024 WL 1991587, at *3 (D. Or. Apr. 10, 2024) (Findings & Recommendation) (same); *Harris v. Wells Fargo Bank, N.A.*, No. EDCV 16-645 JGB (KKx), 2016 WL 11525309, at *3 (C.D. Cal. Aug. 18, 2016) (same). The Court finds no reason to depart from the numerous courts that hold there is no private right of action under Section 1024.40.

Plaintiff contends that the obligations under Section 1024.40 are enforceable pursuant to 12 U.S.C. § 2605(f), *see* Pl. Resp. 2-3., which provides that "[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure." However, as noted above, the CFPB expressly did not enact Section 1024.40 pursuant to 12 U.S.C. § 2605 and the private right created by Section 2605(f) does not reach regulations enacted under other RESPA sections. *See Schmidt*, 106 F. Supp. 3d at 870

(analyzing the history of Regulation X and concluding that the agency's decision to specifically decline to rely on 12 U.S.C. § 2605 precluded a private right of action under Section 1024.40). Without analysis, plaintiff cites to *Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787, 799 (E.D. Pa. 2014) and *Sutton v. CitiMortgage, Inc.*, 228 F. Supp. 3d 254 (S.D.N.Y. 2017) in response to defendants' motion. *See* Pl. Resp. 2. However, neither of these cases relate to Section 1024.40. *See Wilson*, 48 F. Supp. 3d at 799 (analyzing liability under 12 C.F.R. § 1024.35-36); *Sutton*, 228 F. Supp. 3d (discussing whether there is a private right of action under 12 C.F.R. § 1024.35). Plaintiff has identified no authority for a private right of action under 12 C.F.R. § 1024.40 and, because this is an error that cannot be fixed with the allegation of additional facts, Claim 1 and Claim 2 are dismissed with prejudice.

**B.    Claim 3 under 12 C.F.R. § 1024.41(c)(3)(i)(A)-(D)**

Section 1024.41 of Regulation X was adopted to address "pervasive problems with [mortgage loan] servicers' performance of loss mitigation activity in connection with the financial crisis, including lost documents, non-responsive servicers, and unwillingness to work with borrowers to reach agreement on loss mitigation options." Regulation X Final Rule, 78 Fed. Reg. at 10814. The rule requires loan servicers to review, acknowledge, and timely evaluate borrowers' loss mitigation applications. *See* 12 C.F.R. § 1024.41(b)-(c). These obligations attach only once a loan servicer receives a *complete* application, but if a servicer receives an incomplete application, it is required to notify the borrower within five days of what is required to make the application complete. *Id.* § 1024.41(b)(2)(i)(B). Unlike Section 1024.40, there is a private right of action to enforce violations of Section 1024.41. *See* 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f)).").

Defendants argue that plaintiff's complaint "show[s] that his May 1, 2024 modification application was incomplete." Defs. MTD 7. Defendants point to plaintiff's allegation that SPS sent plaintiff an email "on May 14, 2024, 'requesting additional documents be submitted'" as establishing that plaintiff's application was incomplete and, therefore, did not require a timely response. *Id.* (quoting Compl. ¶ 20).

Drawing all reasonable inferences in plaintiff's favor, the Court does not agree with defendants' interpretation of the complaint. Plaintiff alleges that "on May 1, 2024, he submitted a loan modification

application to SPS," Compl. ¶ 18, and he alleges that application was complete, *id.* ¶ 34. Plaintiff further alleges that "on May 14, 2024, . . . SPS request[ed] additional documents be submitted . . . [and] such documents were submitted," *id.* ¶ 20, "on May 22, 2024, [plaintiff's agent] called SPS . . ., and was informed that the [application] submitted was still the incorrect one [so] PLAINTIFF redrafted the [application], and it was resent to SPS," *id.* ¶ 21. Finally, plaintiff alleges that defendants failed to provide the required written acknowledgement of his application. *See id.* ¶¶ 22, 36. In sum, plaintiff alleges that his application was complete, that defendants requested further information two weeks later, which he provided, and that defendants failed to provide timely acknowledgement of his original or revised application. Plaintiff's allegations that defendants requested more information do not undermine his allegation that his application was complete in the first instance; it is equally plausible that defendants were asking for additional information despite plaintiff's application being complete under Regulation X. Further, whether his application was complete or not, he was entitled to a response within five days. *See* 12 C.F.R. § 1024.41(b)(2)(i)(B) (requiring a loan service to "[n]otify the borrower in writing within 5 [business] days . . . after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete"). Therefore, the Court concludes that plaintiff has sufficiently alleged that defendants failed to comply with the written acknowledgement requirements of Section 1024.21

Defendants further argue that Claim 3 should be dismissed because plaintiff fails to allege "actual damages" and a "pattern or practice" that would justify statutory damages. 12 U.S.C. § 2605(f)(1) provides that an individual plaintiff may recover "any actual damages to the borrower as a result of "defendants violations and up to $2,000 of statutory damages for "a pattern or practice of noncompliance with the requirements of" Section 2605 (or portions of Regulation X promulgated thereunder). Courts routinely hold that plaintiffs must allege actual damages to state a claim. *See, e.g.*, *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) ("We join our sister Circuits in recognizing that damages are an essential element in pleading a RESPA claim." (citing *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013); *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 5101111 (8th Cir. 2012));

*Lettenmaier v. Fed. Home Loan Mortg. Corp.*, No. CV-11-156-HZ, 2011 WL 3476648, at \*12 (D. Or. Aug. 8, 2011) (dismissing RESPA claim for, among other reasons, failure to allege actual damages), *supplemented as to other claims*, 2011 WL 3476661 (D. Or. Aug. 8, 2011).

In response to defendants' motion, plaintiff cites to *Bennett v. Bank of Am. N.A.*, 126 F. Supp. 3d 871 (E.D. Ky. 2015) and *Paz v. Seterus, Inc.*, No. 14-62513-CIV, 2015 WL 4389521, at \*3 (S.D. Fla. July 16, 2015). Both cases are distinguishable. In *Bennett*, the plaintiffs alleged that the defendants had engaged in "a pattern and practice of behavior in conscious disregard" of the plaintiffs' rights under RESPA. 126 F. Supp. 3d at 880.[3] And in *Paz*, plaintiffs asserted damages in the form of legal expenses and emotional distress. 2015 WL 4389521, at \*3. Here, plaintiff identifies, and the Court can locate, no allegations in his complaint relating to a pattern or practice of misconduct nor to the actual damages he sustained from defendants' failure to timely acknowledge his application. Therefore, Claim 3 is dismissed with leave to amend. If plaintiff chooses to file an amended complaint and maintain a claim pursuant to Section 1024.41, he must allege concrete facts from which it could be inferred that he suffered actual damages—such as time and expense from following-up, emotional distress, injured credit, or some other financial injury—caused by defendants' alleged failure to timely respond to his loan modification application. If plaintiff chooses to maintain his claim for statutory damages, he must allege concrete facts from which it can be inferred that defendants have a pattern or practice of untimely responses to loan modification applications (*i.e.*, that it is defendants' standard way of doing business).

---

[3] Relying on the unpublished Sixth Circuit decision in *Mellentine v. Ameriquest Mortg. Co.*, 515 Fed. Appx. 419 (6th Cir. 2013), the court in *Bennett* suggests that adequately stating a claim for liability under Section 2605 and generally seeking "actual damages, statutory damages, costs and attorney's fees" would be sufficient under Section 2605(f). 126 F. Supp. 3d at 880-87. To the extent that *Bennett* holds that a claim may be stated in the absence of any allegations of actual damages or a pattern and practice of misconduct, the Court declines to follow that holding as it appears to conflict with the text of Section 2605(f) and the weight of authority across the county. *See, e.g.*, *Reynoso v. Paul Fin., LLC*, No. 09-3225 SC, 2009 WL 3833298, at \*7 (N.D. Cal. Nov. 16, 2009) ("A number of courts . . . have read section 2605(f) to require a showing of pecuniary damages in order to state a claim." (collecting cases)).

### C.    Claim 4 under 15 U.S.C. § 1641(g)

On May 20, 2009, Congress enacted the Helping Families Save Their Homes Act, which, among other things, amended the Truth in Lending Act to require lenders to notify borrowers within thirty days when a mortgage loan is sold, transferred, or assigned to a new creditor. *See* Pub. L. 22-111, 123 stat. 1658 (May 20, 2009) (codified as 15 U.S.C. § 1641(g)). Defendant argues that this provision was passed a month after the Deed of Trust for plaintiff's mortgage was transferred to Bank of America on April 3, 2009, and that Section 1641(g) is not retroactive. Defs. MTD 8 (citing Compl. ¶ 39). Plaintiff does not respond to defendants' argument related to retroactivity. *See* Pl. Resp. 4 (citing *Lucien v. Fed. Nat'l Mortgage Ass'n*, 21 F. Supp. 3d 1379 (S.D. Fla. 2024), which does not discuss whether 15 U.S.C. § 1641(g) is retroactive). The Ninth Circuit has held that Section 1641(g) "does not apply retroactively because Congress did not express a clear intent that it do so." *Talaie v. Wells Fargo Bank, N.A.*, 808 F.3d 410, 413 (9th Cir. 2015). Therefore, because Section 1641(g) is not retroactive and was enacted more than a month after the 2009 Assignment of Deed of Trust, Claim 4 must be dismissed. Further, because there are no facts consistent with the existing complaint that could cure this issue, dismissal is with prejudice.

### D.    Claim 5 under the Oregon Trust Deed Act for Cancellation of a Written Instrument

Under the Oregon Trust Deed Act ("OTDA"), a lender is permitted to circumvent a judicial foreclosure process when the parties use a trust deed to secure the loan and certain statutory conditions are met. *Brandrup v. ReconTrust Co.*, 353 Or. 668, 676, 303 P.3d 301 (2013) (citing OTDA, codified at ORS 86.705 to ORS 86.795). The two statutory conditions relevant to this case are that (1) "[t]he trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated"; and (2) "[t]he trustee or beneficiary has filed for recording in the county clerk's office in each county in which the trust property, or some part of the trust property, is situated, a notice of default." ORS 86.752(1), (3); *see also Brandrup*, 353 Or. at 677 (discussing the same conditions previously codified at ORS 86.735). OTDA further provides that the beneficiary of the trust deed, both at inception of the loan and after any subsequent assignment, cannot be a party other than "the lender to whom the obligation that the trust deed

secures is owed or the lender's successor in interest." *Brandrup*, 353 Or. at 689; *id.* at 693 ("A 'beneficiary'

for purposes of the OTDA is the person to whom the obligation that the trust deed secures is owed. At the

time of origination, that person is the lender.").

Plaintiff alleges that a 2006 Deed of Trust, 2009 Assignment, and 2010 Notice of Default are

voidable for failure to comply with the requirements of OTDA and, accordingly, seeks to cancel those

instruments. *See* Compl. 46-48. Defendants argue that plaintiff's claims as to each instrument fail as a

matter of law. The Court considers each instrument in turn.

1.      *2006 Deed of Trust, instrument no. 2006-102722*

Defendants asserts that "[p]laintiff provides no basis or authority for why the Court should cancel"

the 2006 Deed of Trust. Defs. MTD 10 n.5. However, plaintiff alleges that his original lender was M&T

Mortgage Corporation. Compl. ¶ 12. He also attaches the 2006 Deed of Trust (missing the first page),

which identifies MERS as "the beneficiary under this Security Instrument." Compl. Ex. 1, ECF 1-1, at 12.[4]

Plaintiff further alleges that "Because MERS . . . could not be a beneficiary to a mortgage the Deed of Trust

. . . [is] void or voidable." Compl. ¶ 45. Because the Oregon Supreme Court has expressly held that MERS

is not a proper deed trust beneficiary unless it is the lender or lender's successor, *See Brandrup*, 353 Or. at

689, these allegations offer some basis for a legal claim that the Deed of Trust is voidable. However, even

if the 2006 Deed of Trust contained an error, defendants point to a 2024 Corrective Corporate Assignment

of Deed of Trust, which corrects that error. *See* Defs. MTD 10 & Ex. 7, ECF 2-7.[5] That Corrective

Assignment notes that it is being filed "to correct assignor verbiage on the assignment previously recorded

---

[4] All exhibit citations are to the CM/ECF pagination stamped at the top of each page.

[5] Although courts are generally limited to the allegations in the complaint in ruling on a Rule 12(b)(6) motion, they may take judicial notice of documents referenced in the complaint and matters in the public record, including "in situations where the complaint necessarily relies upon a document . . ., the document's authenticity is not in question and there are no disputed issues as to the document's relevance.'" *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)); *see also* Fed. R. Evid. 201 ("The Court may judicially notice a fact that is not subject to reasonable dispute . . on its own . . [or] if a party requests it . . ."). Publicly recorded property documents, such as promissory notes, deeds of trust, and notices of default, "are clearly proper subjects of judicial notice." *Elizabeth Retail Props. LLC v. KeyBank Nat. Ass'n*, 83 F. Supp. 3d 972, 984 (D. Or. 2015).

. . . as instrument 2009-053474" and describes MERS "as designated nominee for M&T Mortgage Corporation" and M&T Mortgage Corporation as "beneficiary of the security instrument." Defs. MTD, Ex. 7, at 1 (emphasis omitted). This correction is sufficient to render the 2006 Deed of Trust valid as of the correction's recording in 2024. *See Bunnell,* 2024 WL 1991587, at *6 (D. Or. Apr. 10, 2024) (Findings & Recommendation) (holding that a deed of trust and assignment are valid because, although "Plaintiff's original Deed of Trust inaccurately purported to identify MERS as the beneficiary of the Deed of Trust," a subsequent recording "expressly corrects this inaccuracy and records the lender at the time of origination . . . as the beneficiary assigning its legal right" to a successor beneficiary). Therefore, plaintiff's claim for cancellation of the 2006 Deed of Trust is dismissed.

2.    *2009 Assignment of Deed of Trust, instrument no, 2009-053474*

Defendants argue that the 2024 Corrective Assignment serves to validate the 2009 Assignment and, therefore, causes plaintiff's claim for cancellation of 2009 Assignment to fail as a matter of law. *See* Defs. MTD 10-11. In response, plaintiff alleges that he "plausibly alleges defects in the chain of title" and cites a new affidavit and a lender (Washington Mutual Mortgage) that appears nowhere in the body of plaintiff's complaint. Pl. Resp. 5. However, new facts and allegations submitted in response to a motion to dismiss, "are irrelevant for Rule 12(b)(6) purposes." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Because new allegations outside the complaint cannot be considered, the 2024 Corrective Assignment is sufficient to render the 2009 Assignment valid. Therefore, plaintiff's claim for cancellation of the 2009 Assignment is dismissed.

3.    *2010 Notice of Default, instrument no. 2010-066116*

Finally, defendants argue that plaintiff's allegations related to the 2010 Notice of Default are moot because the 2010 Notice of Default was rescinded before this complaint was filed. Defs. MTD 10. Plaintiff does not respond to this argument. Taking judicial notice of the August 8, 2012, Rescission of Notice of Default, *see* Defs. MTD, Ex. 3 the Court finds that the 2010 Notice of Default was of no effect at the time

of plaintiff's complaint. Therefore, plaintiff's request to cancel the 2010 Notice of Default is moot and must be dismissed.

Therefore, the Court dismisses in its entirety Claim 5 for cancellation of written instruments. Because plaintiff could conceivably allege facts consistent with his existing allegations and the judicially noticed documents that would render relevant recordings void, Claim 5 is dismissed with leave to amend.

## CONCLUSION

For the reasons stated herein, moving defendants' motion to dismiss, ECF 2, is GRANTED. Plaintiff's claims pursuant to 12 C.F.R. § 1024.40 and 15 U.S.C. § 1641(g) are DISMISSED with prejudice and without leave to amend. Plaintiff's claim under 12 C.F.R. § 1024.41 and OTDA are DISMISSED without prejudice. Within thirty (30) days, plaintiff may file an amended complaint asserting claims under 12 C.F.R. § 1024.41 and OTDA and addressing the deficiencies discussed above. If plaintiff fails to file an amended complaint within 30 days, judgment may be entered without further notice.

If plaintiff chooses to file an amended complaint and continues to assert claims against Bank of America N.A., within 21 days of filing the complaint, he must serve summons and the complaint on Bank of America N.A. pursuant to Federal Rule of Civil Procedure 4; failure to do so will result in Bank of America N.A. being dismissed from the case.

IT IS SO ORDERED.

DATED this 31st day of March, 2026.

_____
Adrienne Nelson
United States District Judge

12